**Charles M. GUTHRIE and Eleanor S. Guthrie, Appellants,**

v.

**BONDED CREDIT BUREAU OF WASHINGTON, Appellee.**

**No. 1942.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 25, 1957.

Decided April 24, 1957.

Charles M. Guthrie, appellant, *pro se.*

Marvin E. Perlis, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants purchased a freezer and "food plan" from Renaire Corporation and gave therefor their promissory note for $879.33, payable in monthly instalments. After four months' experience, and after consuming the food supplied under the food plan, appellants became dissatisfied, stopped making payments and returned the freezer

6. Martin v. Commonwealth, supra, note 4, 81 S.E.2d at page 578.

to Renaire's warehouse. The note was assigned to appellee for collection and this action was brought for the unpaid balance. This appeal is from a judgment allowing recovery on the note and disallowing appellants' counterclaim for payments made.

 The principal defense was fraud, the claim being made that Renaire's salesman had misrepresented the benefits that would accrue from use of the freezer and food plan. The trial court found against this claim and nothing in the record requires or persuades us to hold that in so doing the trial court erred. The evidence presented an issue of fact for the trial court's determination and raised no question of law for our review.

A second defense questioned the right of appellee to maintain this action, the claim being made that because notice of assignment was not given to appellants, the assignment itself was invalid. This claim is unsound, for notice to the debtor was not necessary to validate the assignment.[1] Of course, as is said in Williston on Contracts (Rev. ed.) § 433, "The debtor should not be prejudiced by an assignment of which he has no notice," but here there is no claim that lack of notice has in any way prejudiced appellants.

Another defense was accord and satisfaction. This is based on the fact that the freezer was returned by appellants to Renaire's warehouse where it still remains. However, appellants admit that when they became dissatisfied they notified Renaire and asked it to take back the freezer, but it refused to do so. Furthermore, they make no claim that when they returned the freezer there was any agreement that it would be or was accepted in settlement of the account. On these facts the trial court was clearly justified in holding there was no accord and satisfaction and no mutual rescission. The freezer remains where appellants placed it and the trial court ordered it returned to them when the judgment is satisfied.

Because appellants have appeared here in proper person, although represented by counsel at trial, we have examined the record with care but find nothing that warrants a reversal.

Affirmed.